# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | CASE NUMBER: 8:11-cr-112-T-30MAP |
| | USM NUMBER: 54354-018 |
| vs. | |
| CARLITTA TYSON TEBBY | Defendant's Attorney: Dionja Dyer, pda. |

THE DEFENDANT:

X  pleaded guilty to count(s) ONE of the Indictment.
_ pleaded nolo contendere to count(s) which was accepted by the court.
_ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 641 | Theft of Government Property | September 2010 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: September 27, 2011

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: September 28, 2011

| Defendant: | CARLITTA TYSON TEBBY | Judgment - Page _2_ of _5_ |
|---|---|---|
| Case No.: | 8:11-cr-112-T-30MAP | |

## PROBATION

**The defendant is hereby placed on probation for a term of FIVE (5) YEARS as to Count One of the Indictment.**

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

X      The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

X      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)      the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)      the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)      the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4)      the defendant shall support his or her dependents and meet other family responsibilities;

5)      the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)      the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)      the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)      the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)      the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)      the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11)      the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)      the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)      as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:     CARLITTA TYSON TEBBY                          Judgment - Page _3_ of _5_
Case No.:      8:11-cr-112-T-30MAP

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of probation:

X      The defendant shall participate as directed in a program of mental health treatment (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X      The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself for any major purchases without approval of the probation officer.

X      The defendant shall provide the probation officer access to any requested financial information.

X      The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X      The mandatory drug testing provisions pursuant to the Violent Crime Control Act are waived. However, the Court orders the probation officer to conduct random drug testing not to exceed 104 tests per year.

Defendant:     CARLITTA TYSON TEBBY               
Case No.:     8:11-cr-112-T-30MAP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | **$100.00** | **Waived** | **$57,842.00** |

___    The determination of restitution is deferred until ____.    An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

_X_    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| **Name of Payee** | **Restitution Ordered** |
|---|---|
| United States Department of Veterans Affairs<br>Bishop Henry Whipple Federal Building<br>1 Federal Drive<br>St. Paul, Minnesota 55111-4050<br>Case No. 2011-00055-IS-0014 | $57,842.00 |
| **Totals:** | **$57,842.00** |

___    Restitution amount ordered pursuant to plea agreement $ _____.

___    The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ___    the interest requirement is waived for the ___ fine ___ restitution.

     ___    the interest requirement for the ___ fine ___ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

Defendant:    CARLITTA TYSON TEBBY                      Judgment - Page _5_ of _5_
Case No.:     8:11-cr-112-T-30MAP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.     __X__     Lump sum payment of $ 100.00 due immediately, AND

B.     __     Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.     __     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.     __     Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.     __     Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.     __X__     Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay restitution in the amount of $57,482.00 is payable to the United States Department of Veterans Affairs. The defendant shall pay restitution at the rate of $200 per month. At any time during the course of supervision, the victim, the government, or the defendant may notify the Court of a material change in the defendant's ability to pay, and the Court may adjust the payment schedule accordingly.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__     Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

__     The defendant shall pay the cost of prosecution.

__     The defendant shall pay the following court cost(s):

__X__     The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Order of Forfeiture, that are subject to forfeiture, specifically, but not limited to, a money judgment in the amount of $57,482.00. The Amended Forfeiture Money Judgment shall be made part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:11-cr-112-T-30MAP

CARLITTA TYSON TEBBY

## AMENDED FORFEITURE MONEY JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE FOR BANK OF AMERICA ACCOUNT

THIS CAUSE comes before the Court on the United States' Amended Forfeiture Money Judgment and Preliminary Order of Forfeiture for the contents of Bank of America account number 0055 0541 3155 (Doc. 31), pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), which upon entry shall be a final order of forfeiture as to defendant Carlitta Tyson Tebby.

The defendant pleaded guilty and was convicted of theft of government funds in excess of $1,000, which belonged to the United States and the Department of Veterans Affairs, in violation of 18 U.S.C. § 641. The United established that the defendant obtained $57,482.00 in proceeds as a result of that offense, and on August 23, 2011, the Court entered a Forfeiture Money Judgment against the defendant in that amount, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2). (Doc. 28).

The government now moves for a Forfeiture Money Judgment in the amount of $57,482.00 and a Preliminary Order of Forfeiture for the contents of Bank of America Account Number 0055 0541 3155, held in the name of Helen W. Tebby. The Court finds

that the funds contained in the Bank of America account constitute proceeds traceable to the defendant's violation of 18 U.S.C. § 641, for which she has been convicted as charged in Count One of the Indictment.

Accordingly, the United States' motion (Doc. 31) is GRANTED. Pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2(b)(2), Carlitta Tebby is personally liable for a forfeiture money judgment in the amount of $57,482.00. Further, the contents of Bank of America Account Number 0055 0541 3155, in the name of Helen W. Tebby, are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c). The defendant's money judgment will be reduced by the amount of proceeds forfeited from this account.

The United States is entitled, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to forfeit any other assets of the defendant up to the value of the forfeiture money judgment.

The Court retains jurisdiction to entertain any third party claim that may be asserted and to enter any order necessary to the forfeiture and disposition of any of the defendant's property that the United States may seek as substitute assets.

**DONE** and **ORDERED** in Tampa, Florida on September 28, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2011\11-cr-112.fmj 31.wpd

2